## BROWN MFG. CO. v. LOW.

(Court of Civil Appeals of Texas. Austin. May 24, 1911. Rehearing Denied June 28, 1911.)

APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

In an action for the price of goods, any error in giving and refusing instructions relating to the question of damages claimed by defendant for breach of warranty was harmless, where the verdict for defendant was not based upon such breach.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228; Dec. Dig. § 1068.*]

Error from Brown County Court; A. M. Brumfield, Judge.

Action by the Brown Manufacturing Company against Arthur Low. Judgment for defendant, and plaintiff brings error. Affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

E. C. Harrell, for plaintiff in error. I. J. Rice, for defendant in error.

KEY, C. J. This suit originated in a justice of the peace court, but was finally tried in the county court. The plaintiff sued the defendant upon an account for $91.28 principal, $18.13 interest, and $10.94 attorney's fees. The defendant answered by a general denial and a counterclaim, setting up that the plaintiff's demand was for an alleged balance for certain cultivators, which the defendant, as a retail dealer in agricultural implements, had purchased from the plaintiff, who was a wholesale dealer. He alleged a breach of warranty by the plaintiff, and claimed $135 as damages resulting from that breach. He also pleaded a contract by which the plaintiff agreed to furnish extra parts for the cultivators that were defective, so as to cure the defects, which constituted a breach of warranty, and that in pursuance of that contract the plaintiff furnished the extra parts, and the defendant furnished the labor necessary to put them upon the cultivators, which labor was reasonably worth $52.50, for which amount he also asked judgment against the plaintiff. The jury returned a verdict in these words: "We, the jury, find in favor of the defendant, and allow him $52 for putting extras on cultivators." Upon that verdict the court rendered judgment to the effect that the plaintiff take nothing by its suit, and that the defendant recover from the plaintiff and the sureties on its appeal bond $52, and the plaintiff has brought the case to this court by writ of error.

Most of the assignments of error are addressed to the action of the court in giving and refusing instructions relating to the question of damages claimed as a breach of warranty of the quality of the cultivators. We think the verdict of the jury eliminates that question, and if error was committed upon that branch of the case it is now immaterial. The verdict shows upon its face that the amount awarded to the defendant was allowed as compensation for the expense of putting the extras on the cultivators, and not for a breach of the warranty. All the questions presented have been considered, and, finding no reversible error, the judgment is affirmed.

Affirmed.